UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60227 CR-TJI

UNITED STATES OF AMERICA

v.

CLIFFORD CARROLL,

Defendant.
_____/

## STIPULATED STATEMENTS OF FACT

The United States of America and Clifford Carroll enter into the following stipulated statements of fact in support of the defendant's plea of guilty.

Had this case proceeded to trial the government would have presented evidence by way of testimony of co-conspirators and other witnesses which would establish that beginning at least in or about 2013 and continuing thereafter through at least in or about September 2015, the defendant engaged in a Conspiracy to Commit RICO, in violation of Title 18, United States Code, Section 1962, as charged in Count 1 of the Information and Filed a False Tax Return, in violation of Title 18, United States Code, Section 7206, as charged in Count 5 of the Information. The evidence would show that the defendant engaged in a pattern of criminal activity related to a mail fraud, wire fraud, and money laundering scheme involving the formulation, manufacture and distribution of compounded medications.

### Background

In or about 2013, defendant and his co-conspirators established NuMedCare, LLC (hereinafter "NuMed"). NuMed alleged to be a compounding pharmacy management company located in Boca Raton, Florida. Conspirators used NuMed as a base of operations for the fraud

1

and money laundering activities.

In or about 2013, the defendant and his co-conspirators became aware that insurance providers reimbursed compounding pharmacies for medication based upon the price of the individual ingredients contained within such medications. The defendant and co-conspirators understood that legitimate compounded medications are individualized for specific patients who are unable to be treated with commercially available, FDA-approved medication. The prescriptions for such medications are issued by physicians based upon legitimate medical necessity. The conspirators conspired to formulate, manufacture and distribute compounded medications through fraud, in conjunction with co-conspirator physicians. The conspirators agreed to acquire insurance reimbursements from insurance providers through a scheme and artifice which included illegal payments to physicians, mass unsolicited marketing of the compounded medicine, and manipulation of the compounded formulations, among other means.

The conspirators, through NuMed, obtained control over failing pharmacies, including RX of Boca, located in Boca Raton, Florida, and American Custom Compounding Pharmacy, (hereainafter "ACCP") located in Dallas, Texas, in order to perpetrate the fraud. In furtherance of the fraud, the conspirators manufactured large quantities of compounded medication containing expensive ingredients in anticipation of receiving prescriptions and resulting insurance reimbursement, in order to deceive and defraud the insurance providers, and contrary to accepted medical practice.

One method used by conspirators to perpetrate the fraud was the use of call centers located in the United States and elsewhere that recruited patients to receive prescriptions for compounded medications. The call centers employed large numbers of employees who placed hundreds of unsolicited telephone calls per day to potential patients. Such calls were placed using interstate

and foreign wire communication facilities, such as telephones and fax lines. The conspirators obtained confidential patient information through illegal internet sources which were provided to the call centers along with "talking scripts" to be used by call center employees to solicit potential patients. The call center employees placed unsolicited telephone calls to potential patients who had private insurance and had been identified through the often illegally-obtained patient information. The call center employees attempted to convince the patients to approve the faxing of prescriptions for compounded medications to their physicians. Conspirators then sent thousands of faxes to the offices of the physicians without prior request by a medical professional.

Another method used by conspirators to perpetrate the fraud was obtaining prescriptions from corrupt co-conspirator physicians. These corrupt physicians received unlawful compensation in various forms in exchange for the issuance of the prescriptions. Conspirators sent the physicians pre-printed prescription pads to use when prescribing the compounded medications. The pre-printed prescriptions always authorized the maximum of eleven (11) refills. Co-conspirator employees of NuMed and others solicited family members and friends to request prescriptions for compounded medications, usually through a corrupt co-conspirator physician. Co-conspirator employees of NuMed, RX of Boca, and other entities then transmitted, by means of interstate wire and electronic communication facilities, false and fraudulent insurance claims to the insurance providers for prescriptions issued by the co-conspirator corrupt physicians. The wire and electronic communications transmitted by the conspirators to insurance providers failed to disclose that the majority of the prescriptions issued for compounded medications by corrupt physicians were issued solely for illegal financial compensation and without regard to medical necessity. The insurance providers, upon receipt of the insurance claims, reimbursed the co-conspirator compounding pharmacies through payments made via interstate wire communication facilities.

The conspirators then divided the reimbursement monies amongst themselves. The reimbursement monies were used to further promote the ongoing fraud by allowing for the purchase of supplies, payroll disbursements, illegal kickbacks to physicians and the personal enrichment of the conspirators.

### Count I: 18 U.S.C § 1962 (Racketeering Conspiracy)

Defendant Clifford Carroll was a founder and the president of NuMed. Defendant Carroll conspired and agreed to participate in a criminal enterprise, that is, an association in fact comprised of co-conspirators and entities, through a pattern of racketeering activity included, but not limited to, mail fraud, wire fraud and money laundering. The criminal enterprise included the entities NuMedCare, LLC, RX of Boca, and others, the activities of which affected interstate and foreign commerce through activities including, but not limited to, the distribution of compounded medications throughout the United States. The fraud scheme engaged in by the criminal enterprise generated significant proceeds throughout its operation.

Defendant Carroll established NuMed and was involved in all aspects of the business in furtherance of the scheme to defraud described above. Defendant Carroll participated in the acquisition of compounding pharmacies which were held by co-conspirators under nominee ownership. Defendant Carroll facilitated the fraud scheme by employing sales representatives who solicited corrupt co-conspirator physicians to write prescriptions for compounded medications. Defendant Carroll affiliated NuMed with call centers located both inside and outside the United States which were used to solicit patients. Defendant Carroll, through co-conspirators, solicited corrupt physicians who issued prescriptions for compounded medications in return for illegal compensation and regardless of medical necessity.

Defendant Carroll facilitated the transmission, through the mails and interstate and foreign

4

wire and electronic communication facilities, of false and fraudulent insurance claims to the insurance providers for prescriptions issued by co-conspirator corrupt physicians who were receiving illegal kickbacks and other incentives to write the prescriptions regardless of medical necessity, and other correspondence attempting to legitimize the illegal activity. Defendant Carroll managed and supervised co-conspirator employees who requested insurance reimbursements through RX of Boca and other entities, and the subsequent distribution of those reimbursement proceeds to enterprise members. Defendant Carroll and co-conspirators maintained accounts in financial institutions which were used to launder the criminal proceeds of the fraud and to further facilitate the fraud.

### Count V: 26 U.S.C § 7206 (Filing a False Tax Return)

On or about October 12, 2015, defendant Carroll, who was a resident of Boca Raton, Florida, filed his United States Individual Income Tax Return, Form 1040, for tax year 2014, which was verified by a written declaration that it was made under the penalties of perjury. Within the Form 1040, which was filed with the Internal Revenue Service, defendant Carroll claimed business expenses in the form of legal and professional fees for approximately $202,879 and business expenses in the form of wages for approximately $473,368, whereas, as he then and there knew, he did not incur such business expenses. Specifically, approximately $202,000 of said legal and professional services was actually non-deductible wire transfers issued to a co-conspirator physician who was being paid to write prescriptions for patients pursuant to the fraud scheme described above, many of the patients which the physician did not examine. Approximately $473,368 of said wages was actually part of a scheme whereby the defendant would draw money from NuMed for himself by issuing checks to co-conspirators. The co-conspirators would cash the checks and return the cash to the defendant. Thus, the checks issued

to the co-conspirators were not deductible wages.

This is some of the evidence the government would present if this matter were to proceed to trial. The above-described acts in Count 1 occurred from in or about 2013 and continuing thereafter through at least in or about September 2015, in Broward County in the Southern District of Florida and elsewhere, and the above-described acts in Count 5 occurred on or about October 12, 2015, in Palm Beach County in the Southern District of Florida and elsewhere.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 1/19/17     By: _____
                  Jeffrey Kaplan
                  Assistant United States Attorney

Date: 1/19/17     By  _____
                  Paul F. Schwartz
                  Assistant United States Attorney

Date: 1/19/17     By: _____
                  Corey Steinberg
                  Assistant United States Attorney

6

I have read the Stipulated Statements of Fact set forth above. I believe that the above-stated facts set forth all the elements for the offense of RICO Conspiracy, in violation of Title 18, United States Code, Section 1962, as charged in Count 1 of the Information and Filing a False Federal Income Tax Return, in violation of Title 26, United States Code, Section 7206, as charged in Count 5 of the Information. I agree with all the facts set forth in the Stipulated Statements of Fact.

Date: 1-19-17

By: _____
Clifford Carroll
Defendant

Date: 1-19-17

By: _____
David Bogenschutz   Jack Goldberger Per
Attorney for Defendant Carroll